JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA McMAHON, | ) Case No. CV 21-1847-JPR |
| Plaintiff, | ) |
| v. | ) **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |
| MARRIOTT INT'L, INC., | ) |
| Defendant. | ) |

## PROCEDURAL HISTORY

Plaintiff filed this premises-liability action in Los Angeles County Superior Court on June 25, 2020. (Removal Notice, Sarkesians Decl. ¶ 2 & Ex. A at 2.)[1] Although her Complaint did not specify the amount of damages she sought, see Cal. Civ. Proc. Code § 425.10(b), she indicated that the action was an "unlimited civil case" with damages "exceed[ing] $25,000." (Id. at 3.) She specifically sought damages for "mental and emotional pain, suffering, worry and anxiety"; "medical and related expenses";

---

[1] The Court uses the pagination generated by its Case Management/Electronic Case Filing system.

1

and "loss of earnings and earning capacity." (Id. at 5, 7.) Defendant filed its Answer to the Complaint on November 12, 2020. (Removal Notice, Sarkesians Decl. ¶ 3 & Ex. B.)

On February 26, 2021, Defendant removed the case to this Court, claiming that it first learned that the amount in controversy exceeded $75,000 for purposes of diversity jurisdiction on January 28, when Plaintiff served certain discovery responses, and therefore removal was timely under 28 U.S.C. § 1446(b).[2] (Removal Notice, Sarkesians Decl., ¶¶ 4-5 & Ex. C.)

On March 22, 2021, Plaintiff moved to remand to state court, arguing that the removal notice was untimely because Defendant had been on notice since mid-November 2020, and certainly no later than January 5, 2021, that the amount in controversy exceeded $75,000. (Mot. at 5-7; Irons Decl. ¶¶ 4-5 & Ex. 2.) Defendant opposed on April 1, 2021; Plaintiff did not file a reply. The Court heard argument on April 22, 2021, and took the matter under submission.

For the reasons discussed below, this action is REMANDED to Los Angeles County Superior Court because Defendant's removal of it to this Court was untimely.[3]

---

[2] It is undisputed that Plaintiff is a citizen of New York and Defendant is a Delaware corporation with its headquarters and principal place of business in Maryland. Plaintiff's citizenship was disclosed in the November 12/January 5 letter discussed below. (Mot., Irons Decl. ¶ 5 & Ex. 2 at 3.)

[3] Both parties consented to this Court's jurisdiction to conduct all further proceedings in this case.

**DISCUSSION**

Statutes allowing removal to federal court are "strictly construed" against removal jurisdiction. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002). The removing defendant bears the burden of showing that removal is proper. Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682-83 (9th Cir. 2006) (per curiam).

When a complaint doesn't on its face warrant removal based on diversity jurisdiction, § 1446(b)(3) requires that removal be accomplished within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." "Other paper" includes responses to discovery, see § 1446(c)(3)(A), as well as correspondence among counsel, including settlement demands, see Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (per curiam). Remand is "mandatory" when a plaintiff timely objects to removal and the district court finds that the challenged removal petition was late. Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1142 n.4 (9th Cir. 2013).

The parties do not dispute that at least as of January 5, 2021, Defendant received from Plaintiff a settlement demand in an amount somewhat exceeding the $75,000 diversity-jurisdiction threshold.[4] (Mot., Irons Decl. ¶ 5 & Ex. 2 at 5.) The letter

---

[4] Apparently Plaintiff first sent the same demand letter, along with supporting evidence, to Defendant on November 12, 2020. (Mot., Irons Decl. ¶ 4.) Although Plaintiff advised Defendant that it had been put in the mail and that Defendant should expect it soon, and Defendant acknowledged as much, Defendant claims never to

laid out Plaintiff's medical expenses, which fell shy of the $75,000 threshold, and did not specifically mention any losses from pain and suffering or lost earnings. (Id. at 2-5.)

On January 28, 2021, Plaintiff served discovery responses, indicating a greater figure for her medical expenses — although still below $75,000 — and stating that she did not "attribute any loss of income or earning capacity" to the accident. (Removal Notice, Sarkesians Decl. ¶ 4 & Ex. C at 13-16, 18.) She also indicated that she might require future "physical therapy to relieve ongoing pain." (Id. at 16.)

Defendant claims that Plaintiff's settlement demand in the November 12 letter (which it says it did not receive until January 5) was not "reasonable" and therefore did not put it on notice that removal was possible. (Opp'n at 3-5.) It relies for this argument primarily on Cohn, which stated that a settlement demand counts as an "other paper" when it represents a "reasonable estimate of the plaintiff's claim." (Id. at 3 (citing 281 F.3d at 840).) Because Plaintiff's stated medical expenses in the letter were less than half the $75,000 minimum and her actual paid expenses were considerably less still, Defendant argues, the amount demanded, $85,000, was not reasonable. (Id. at 4.) It claims that it could not have known the case was removable until Plaintiff served her discovery responses on January 28 and then subsequently confirmed that she would not stipulate to a recovery of no more than $74,999. (Id.

---

have received it and did not follow up until January 5, 2021, when Plaintiff emailed him the letter. (See Mot., Irons Decl. ¶¶ 4, 6; Opp'n, Sarkesians Decl. ¶ 3.)

at 5.)

But the settlement demand must be read in the context of the Complaint, which claimed damages not just for medical expenses but for pain and suffering and lost earnings as well. See, e.g., Groysman v. Liberty Ins. Corp., No. 19-CV-667-CAB-BGS, 2019 WL 2120227, at *2 (S.D. Cal. May 15, 2019) (stating that interrogatory response seeking damages of "not less than $50,000" for property losses to condominium, when read in context of complaint asking for unspecified amounts of other kinds of damages as well, triggered notice that amount in controversy was at least $75,000). On January 5, when the settlement demand was emailed to Defendant, Plaintiff had not yet served her discovery responses, and therefore Defendant should have surmised that the $85,000 demand included pain-and-suffering and lost-earnings damages as well. See, e.g., Bloomer v Serco Mgmt. Servs., Inc., No. EDCV 16-2651 JGB (RAOx), 2017 WL 721241, at *4 (C.D. Cal. Feb. 23, 2017) (finding notice of removal untimely and remanding to state court because plaintiff's settlement demand of $99,000, when read in light of complaint's prayer for various kinds of damages, was not unreasonable).

Although Defendant's counsel claimed at the hearing that he "knew" Plaintiff was no longer seeking earnings damages, he presented no such evidence, not even his own declaration, and he acknowledged that he had "inferred" that from his conversations with opposing counsel rather than having her tell him so directly. He was also uncertain on whether such conversations

took place before Plaintiff served her discovery responses.[5] Accordingly, Defendant has not met its burden of showing that it had a basis for thinking the settlement demand, which was not outlandish or obviously inappropriate, see Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994) (observing that settlement offer would be unreasonable when it was "grossly inconsistent" with "alleged damages"), was not reasonable.[6]

As of January 5, then, the 30-day clock began to run because Defendant knew, or should have known, that Plaintiff had made a reasonable settlement demand of more than $75,000. It is true that in her January 28 discovery responses Plaintiff stated that she would not seek lost-earnings damages, but the $85,000 settlement demand remained reasonable, as Defendant concedes by then seeking to remove the case, because her claimed medical damages went up.

For all these reasons, Defendant was required to remove this case to this Court by no later than February 4, 2021. Because it did not do so until February 26, the removal was more than three weeks late and this action must be remanded to state court. Accordingly, Plaintiff's motion to remand is GRANTED, and it is

---

[5] At the hearing, Plaintiff's counsel did not address Defendant's statements in this regard and continued to argue that her settlement demand of $85,000 put Defendant on notice that the removal clock was triggered.

[6] Plaintiffs, of course, have an incentive not to make unreasonable demands if they don't want their case removed to federal court, as Plaintiff here clearly does not. Defendant has never suggested that Plaintiff's settlement demand was made in bad faith, another reason why it should be taken at face value.

ORDERED that this action be REMANDED to Los Angeles County Superior Court.

DATED: April 23, 2021

_____
JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE